UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY HYGINUS** | **CIVIL ACTION** |
| **VERSUS** | **NO:  23-2895** |
| **OCHSNER CLINIC, LLC, OCHSNER CLINIC FOUNDATION, OCHSNER HEALTH FOUNDATION, L.L.C., OCHSNER HEALTH NETWORK, LLC and ABC INSURANCE COMPANY** | **SECTION: "O" (4)** |

### ORDER

Before the Court is Defendants' **Second Motion to Set Reasonable Attorneys' Fees (R. Doc. 64)**, seeking an award of attorneys' fees and costs in connection with its Second Motion to Compel. R. Doc. 41. The Motion is Opposed. R. Doc. 65.

**I.     Introduction**

   **A.  Factual Background**

Plaintiff Anthony Hyginus, a minister of Nigerian descent, was employed by Ochsner as a chaplain. R. Doc. 1 at 1-3. He contends that he suffered from fabricated accusations by certain nurses that ultimately resulted in his termination. *Id.* at 3-4. Plaintiff contends that he was falsely accused of: (1) making inappropriate comments; and (2) visiting a patient without proper instruction. *Id.* at 4. As a result, he filed suit against Ochsner Clinic LLC, Ochsner Clinic Foundation, Ochsner Clinic Foundation LLC, and Ochsner Health Network LLC (collectively, the "Ochsner Defendants"), challenging his termination pursuant to Title VII consisting of race and national origin, the Americans with Disabilities Act ("ADA"), and Louisiana Employment Discrimination Law. *Id.* at 2, 7.

   **B.  Subject Motion**

This Motion arises from the Court's Order on October 7, 2024, in which Defendants' Second Motion to Compel was partially granted and partially denied. R. Doc. 61. Therein, the

Court granted Defendants' request for an award of attorneys' fees incurred in raising the Second Motion to Compel pursuant to FED. R. CIV. P. 37(a)(5)(A). *Id.* at 16-19. As part of that Order, the Court ordered Defendants to file a motion to fix attorneys' fees and costs. *Id.*

Defendants filed the subject Motion on October 17, 2024, requesting $2,530.00 in attorneys' fees. R. Doc. 64. In support, Defendants provided a Declaration from Jennifer F. Kogos, lead counsel for the Defendants, along with copies of the invoices sent to the Defendants in this matter. R. Doc. 64-2 *et seq*.

Plaintiff contends that an award of attorneys' fees is inappropriate because discovery is ongoing and he has provided responsive information and documents as he acquires them. R. Doc. 65 at 2. The Court finds that this argument is untimely and without merit. Rule 37(a)(5)(A) provides that an award of attorneys' fees is appropriate where the discovery at issue is not provided until after the Motion to Compel is filed. FED. R. CIV. P. 37(a)(5)(A). Given that Defendants' Second Motion to Compel was filed on September 17, 2024, Plaintiff's untimely production is a valid basis for an award of attorneys' fees under Rule 37(a)(5)(A), especially since Plaintiff failed to file any Opposition to Defendants' Second Motion to Compel. R. Doc. 54.

Plaintiff also contends that the affidavit attached to the subject Motion is defective, because Mr. Pritt was required to provide his own affidavit attesting to his billing. R. Doc. 65 at 2-3.

## II.    Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve (12) factors

2

delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[1] If the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Watkins*, 7 F.3d at 457. However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended," and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. Feb. 28, 2008) (Roby, M.J.) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III. Analysis

#### A. Reasonable Hourly Rate

Defendants assert that defense counsel's requested hourly rates are reasonable considering their education, experience, and qualifications. R. Doc. 64-1 at 4. In support, Defendants rely on an affidavit from Jennifer Kogos, a Partner at Jones Walker LLP, attesting to the education, experience, and qualification of herself and her co-counsel, Jacob Pritt. See R. Doc. 64-2 at 1-2. Based on this affidavit, which is discussed in depth below, Defendants seek to recover $400 per hour for Ms. Kogos's time, and $250 per hour for Mr. Pritt's time. *Id*.

---

[1] The twelve (12) *Johnson* factors are: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Plaintiff contends that Defendants' affidavit fails to support the reasonableness of the requested rates, because they did not provide an affidavit from Mr. Pritt attesting to his requested rate. R. Doc. 65-1 at 1-2. Aside from this challenge to the sufficiency of Defendants' affidavit, Plaintiff does not raise any challenge to the requested rates.

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). If the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990).

Although Defendants failed to provide affidavits from other attorneys in the Eastern District of Louisiana attesting to the range of prevailing market rates, Fifth Circuit jurisprudence is clear that the district court "is itself an expert on the question [of reasonable billing rates] and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of testimony." *Shaw v. Alpha Air & Heating, L.L.C.,* No. 22-3953, 2024 WL 1556861, at *3 (E.D. La. Apr. 10, 2024) (North, M.J.) (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

In this case, Defendants rely on an affidavit from Ms. Kogos, who has been practicing law in Louisiana for the past twenty-six (26) years. R. Doc. 64-2 at 1-2. Therein, Ms. Kogos asserts that she received a Bachelor of Arts degree from Louisiana State University in 1995, and a Juris Doctorate from Loyola University New Orleans College of Law in 1998. *Id.* Ms. Kogos asserts that for the last twenty-three (23) years of her practice, labor and employment law has been her concentration. *Id.* Ms. Kogos also asserts that she is a former Co-Chair of the Labor and Employment Committee of the New Orleans Bar Association and has been ranked in Chambers USA Guide for Labor and Employment since 2021. *Id.* In fact, Ms. Kogos asserts that she was

named 2023's Lawyer of the Year in Employment Law-Management in The Best Lawyers in America. *Id.* at 2.

Ms. Kogos asserts that another associate at Jones Walker LLP law firm, Jacob Pritt, billed for work on the Motion to Compel. R. Doc. 64-1 at 1-2. Ms. Kogos asserts that Mr. Pritt graduated from Harvard University with a Bachelor of Arts degree in 2016 and earned a Juris Doctor from Tulane University Law School in 2019. R. Doc. 64-2 at 2. Mr. Kogos further asserts that Mr. Pritt has been practicing law for five (5) years, with a concentration in labor and employment law. *Id*.

Ms. Kogos asserts that her hourly rate for this matter is $475.00, while Mr. Pritt's hourly rate is $325.00. R. Doc. 64-2 at 2. Ms. Kogos asserts that based on her experience in the New Orleans legal market, these hourly rates are customary and within the normal range of hourly rates for their experience level for this type of case, and slightly below the standard rates they bill for these types of cases. *Id.* However, given that the Court found Defendants' rates to be excessive in the prior Motion for Attorneys' Fees, Ms. Kogos asserts that they are only seeking to recover a rate of $400 per hour for her time, and $250 per hour for Mr. Pritt's time. *Id.*

Upon review, the Court finds that the requested rate of $400 for Ms. Kogos is reasonable. *See Duval v. Physicians Medical Center, LLC,* No. 22-2286, 2023 WL 9197748, at *2-4 (E.D. La. Nov. 7, 2023) (Roby, M.J.) (finding rate of $400 reasonable for partner-level attorney with thirty-six years of experience). *See also MGMTL, LLC v. Strategic Technology Institute, Inc.*, No. 20-2138, 2023 WL 9229133, at *6-8 (E.D. La. Dec. 4, 2023) (North, M.J.) (finding rate of $465 reasonable for a partner-level attorney with twenty-six years of experience).

Regarding Mr. Pritt, the Court finds that the prevailing market rate for work by associates with approximately five years of experience is $200-250. See *Batiste v. Lewis*, No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (Roby, M.J.) (finding that rate of $200 is reasonable

for an attorney with five years of experience); *MGMTL, L.L.C.*, No. 17-2797 at *9 (finding $200 to be a reasonable hourly rate for an associate with five years of experience); *Allegiant Partners Incorporated v. Jackson Carrier Service*, No. 24-1110, 2024 WL 5330086, at *4 (E.D. La. Dec. 19, 2024) (North, M.J.) (citing jurisprudence reflecting a reasonable rate of $200-250 for an associate with approximately five years of experience); *United States ex rel McNeil v. Jolly*, 451 F.Supp.3d 657, 677-81 (E.D. La. Apr. 3, 2020) (Africk, L.) (finding rate of $250 to be reasonable for an associate with four to seven years of experience). In this case, the Court finds that Mr. Pritt's concentration in labor and employment law justify the requested rate of $250. R. Doc. 64-1 at 4. Therefore, the Court finds that Mr. Pritt's rate of $250 is reasonable.

### B. Hours Reasonably Spent on Litigation

Defendants contend that the hours spent on the Second Motion to Compel are reasonable. R. Doc. 64-1 at 4. In support, Defendants have attached two billing invoices that indicate a total of 12.3 hours of work for Mr. Pritt and 0.7 hours of work for Ms. Kogos on Defendants' Second Motion to Compel. R. Doc. 64-3. R. Doc. 64-4. However, Defendants seek to exclude 0.2 hours of administrative work and 3.1 hours of additional preparation for oral argument performed by Mr. Pritt in the exercise of billing judgment. R. Doc. 64-1 at 4. Therefore, Defendants contend that they have exercised good billing judgment and seek compensation for a total of 0.7 hours of work by Ms. Kogos, and 9.0 hours of work by Mr. Pritt. *Id*.

Plaintiff contends that Defendants cannot establish the reasonableness of the requested hours, because Mr. Pritt did not provide a separate affidavit attesting to the veracity of his entries noted in the invoice. R. Doc. 65 at 2-3. Aside from this challenge to the sufficiency of the affidavit, Plaintiff fails to raise any argument against the requested hours.

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures sought. *Henseley*, 461 U.S. at 437. Additionally, the Supreme Court calls on fee applicants to demonstrate "billing judgment" by excluding hours that are excessive, redundant, or otherwise unnecessary. *Id.* at 434, 437.

Under Local Rule 54.2, a party seeking fees "must submit to the court a verified, contemporaneous report reflecting the date, time involved, and nature of the services performed." In this case, Defendants have attached contemporaneous invoices providing the date, time, and nature of the work for which they seek compensation. R. Doc. 64-3. R. Doc. 64-4. Additionally, Defendants provided "an affidavit attesting to its attorney's education, background, skills, and experience", as instructed by the Court in its Order granting Defendants' request for attorneys' fees. R. Doc. 61 at 18. Therefore, the Court finds that Defendants' affidavit is not defective. See *Shaw*, No. 22-3953 at *5-6 (evaluating the reasonableness of the hours expended based on the affidavit from one of the party's two attorneys and the relevant billing records).

Upon review, the billing invoices provided in the subject Motion include two entries for Ms. Kogos and six entries for Mr. Pritt. R. Doc. 64-3. R. Doc. 64-4. Regarding Ms. Kogos, the invoices show a 0.2-hour entry on September 17, 2024, which is described as "[w]ork on Motion to Compel." R. Doc. 64-3 at 2. In the supporting affidavit, Ms. Kogos clarifies that this work consisted of reviewing Mr. Pritt's draft of the Motion. R. Doc. 64-2 at 3. The Court finds that this entry is reasonable.

On October 1, 2024, Ms. Kogos also billed 0.5 hours for "prepar[ing] for motion to compel argument." R. Doc. 64-4. In the supporting affidavit, she clarified that this work consisted of assisting Mr. Pritt with his preparation for oral argument. R. Doc. 64-2 at 3. The Court finds that this description does not provide sufficient information of what Ms. Kogos did to assist Mr. Pritt

in preparing for oral argument. Fifth Circuit jurisprudence recognizes that a reduction is often used to compensate for vague entries. *See Stipe v. Tregre,* No. 15-2515, 2016 WL 3598295, at *7 (E.D. La. Jul. 5, 2016) (Lemelle, I.) (instructing that a 30% reduction is appropriate for vague entries). Therefore, the Court will reduce the 0.5-hour entry to $0.35^2$ for vagueness.

Regarding Mr. Pritt, Defendants' invoices include six total entries for Mr. Pritt's work on the Second Motion to Compel. R. Doc. 64-3. R. Doc. 64-4. Three of these entries are dated as September 17, 2024. R. Doc. 64-3 at 3. The first lists 1.1 hours of work for legal research in support of the Second Motion to Compel. *Id.* The second lists 4.6 hours for drafting the Second Motion to Compel. *Id.* Finally, the third lists 0.4 hours of work for "finalizing" and filing the second motion to compel. *Id.* However, Defendants assert that 0.2 hours of this work was spent on the administrative task of filing the motion and seek to exclude this time in the exercise of good billing judgment. R. Doc. 64-1 at 4.

Upon review, the Second Motion to Compel was three pages long with a fourteen-page supporting memorandum. R. Doc. 54. R. Doc. 54-1. The Motion also included a copy of Plaintiff's deficient discovery responses, a four-page letter defense counsel issued to Plaintiff's counsel regarding the deficient discovery responses, and five pages of emails between counsel on this issue. See R. Doc. 54-3 *et seq*.

Under these circumstances, the Court finds that the 4.6-hour entry for drafting the Motion to Compel is excessive. *See Engender, LLC v. Cypress Zone Productions, LLC,* No. 20-1591, 2021 WL 3423589, at *3 (E.D. La. Aug. 5, 2021) (Douglas, M.J.) (citing jurisprudence finding that billing between 1.5 and 2.0 hours for drafting a standard, non-complex motion to compel is reasonable). Therefore, the Court reduces the 4.6-hour entry to 3 hours. However, the Motion

---

[2] $0.5 - (0.5 \times 0.3) = 0.35$

8

included analysis of Plaintiff's deficient discovery responses and the relevance of the requested information, with multiple citations to supporting caselaw. See R. Doc. 54-1. Therefore, the Court finds that the 1.1-hour entry for legal research is reasonable. *C.f. Bachemin by and through Bachemin v. DDMS, LLC*, No. 22-1976, 2023 WL 4865343, at *4 (E.D. La. Jul. 31, 2023) (Roby, M.J.) (reducing 1.0-hour entry for legal research to 0.5 hours where counsel reviewed four cases cited by opposing counsel in their opposition to the motion for attorneys' fees).

The Court also finds that the 0.2-hour entry for finalizing the Motion to Compel does not include a sufficient description of the work performed to allow the Court to understand what is meant by "finalizing" the Second Motion to Compel, as distinct from researching, drafting, or revising the document. Therefore, the Court will reduce the 0.2-hour entry to 0.14[3] for vagueness. *See Stipe,* No. 15-2515 at *7.

Defendants' invoices also include three entries for Mr. Pritt's work on October 1, 2024, and October 2, 2024. R. Doc. 64-4. The first is from October 1, 2024, and lists 1.8 hours of work for "preparation" for hearing on motion to compel. *Id.* The remaining two entries are both from October 2, 2024: a 3.1-hour entry for additional preparation for hearing on second motion to compel, and a 1.3-hour entry for attending and arguing the second motion to compel at the hearing. *Id*. However, Defendants assert that the 3.1-hour entry for additional preparation has been excluded in the exercise of good billing judgment. R. Doc. 64-1 at 4.

The Court finds that the 1.8-hour entry for "preparation" for the oral argument does not explain how or what Mr. Pritt did to prepare for oral argument during this time. *See Hutchinson-Harper et al v. Jefferson Parish School Board, et al*, No. 22-1271, R. Doc. 95, at *7 (E.D. La. Aug. 19, 2024) (Roby, M.J.) (reducing a 1.5-hour entry for "preparation for oral argument" to 1.0 hour

---

[3] $0.2 - (0.2 \times 0.3) = 0.14$

9

due to vagueness). *See Stipe,* No. 15-2515 at *7. Therefore, the Court reduces the 1.8-hour entry to 1.26 hours[4] for vagueness. *See Stipe,* No. 15-2515 at *7.

According to the Court's minute entry, oral argument on Defendants' Second Motion to Compel only lasted 30 minutes. R. Doc. 59. The vague description of attending and arguing does not provide the Court with sufficient information to determine whether travel time is included in this two-hour entry. Additionally, this entry demonstrates "block-billing", in which multiple activities are described in a single time entry without itemizing the time spent on specific tasks. *See Duval v. Physicians Medical Center, LLC*, No. 22-2286, 2023 WL 9197748, at *5-6 (E.D. La. Nov. 7, 2023) (Roby, M.J.). This hinders the Court's reasonableness analysis, since it prevents the Court from accurately determining the number of hours spent on each task. *Duval*, No. 22-2286 at *6. Fifth Circuit jurisprudence recognizes that a reduction is often used to compensate for block-billing. *Id.* Therefore, the Court reduces the 1.3-hour entry to 0.5 hours in accordance with the Court's minute entry. R. Doc. 59.

Therefore, the Court finds that the reasonable hours expended in connection with Defendants' Second Motion to Compel is 0.55 hours for Ms. Kogos and 6.0 hours for Mr. Pritt.

### C. *Lodestar* Calculation

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount:

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Jennifer Kogos | $400.00 | 0.55 | $220.00 |
| Jacob Pritt | $250.00 | 6.0 | $1,500.00 |
| | | Total | $1,720.00 |

---

[4] $1.8 - (1.8 \times 0.3) = 1.26$

### D. Adjusting the *Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve (12) factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the Johnson factors and finds no adjustment of the lodestar is warranted.

### IV. Conclusion

**IT IS ORDERED** that the Defendants' **Second Motion to Set Reasonable Attorneys' Fees (R. Doc. 64)** is **GRANTED.** Defendants are awarded reasonable attorneys' fees and expenses in the amount of **$1,720.00.**

**IT IS FURTHER ORDERED** that Plaintiffs shall satisfy their obligation to Defendants **no later than twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 21st day of March 2025.

          **KAREN WELLS ROBY**
          **UNITED STATES MAGISTRATE JUDGE**